PETERS et al. v. PETERS.

(Common Pleas of New York City and County, General Term. April 3, 1893.)

1. MONEY HAD AND RECEIVED — ACTION TO RECOVER — WHEN MAINTAINABLE.
   In an action by the husband and two children of P. against a son of the latter to recover certain money found on the person of P. when she was committed to an insane asylum, it appeared that the money was given to defendant by the commissioners of charities on his agreement to keep it for the benefit of his mother. The evidence for plaintiffs showed that 10 years before the trial all the children of P., except defendant, agreed to deposit their earnings with her; that she was to pay out of the fund a marriage portion to each child on marriage, and pay the funeral expenses of any child who died; and that, after giving her and her husband a decent burial, the money was to belong to the depositors. Held, that plaintiffs were not entitled to recover, since the mother has an interest in the fund, and the children will be entitled only to the balance after payment of the funeral expenses of the parents.

2. SAME—DEFENSE.
   As defendant received the money from the custodians of his mother's person and the property found on it, who have all the obligations of bailees, he may defend in his mother's right, and set up such defense as she might make.

3. SAME—EVIDENCE—PERSONAL TRANSACTIONS WITH INSANE PERSON.
   In such action it was error to permit plaintiffs to testify as to personal transactions with P.

4. SAME.
   In such case the complaint alleged that P. was committed to an asylum for the insane, being of unsound mind, and so far deprived of her reason as to be unfit and unable to govern herself or manage her affairs. There was no question of her insanity at the time of the trial, and it seemed to be conceded by all. Held, that the fact that there was no proof offered of P.'s insanity did not render the evidence of plaintiffs as to such personal transactions admissible.

Appeal from trial term.

Action by Nicholas Peters, John Peters, and Peter Peters against Stephen Peters to recover certain money received by defendant from the commissioners of charities, who found the same on the person of his mother when committed to the City Asylum for the Insane on Blackwell's island. From a judgment entered on the verdict of a jury in favor of plaintiffs, and from an order denying his motion for a new trial, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Thomas F. Byrne, for appellant.
August P. Wagener, for respondents.

DALY, C. J.   The plaintiff Nicholas is the husband, and the plaintiffs John and Peter two of the children, of Catharine Peters, who, on November 13, 1887, being of unsound mind, was committed to the City Asylum for the Insane on Blackwell's island.   She had at that time in her possession the sum of $545.37, which the commissioners of charities and corrections took into their custody upon receiving her into the asylum under their charge, and which they subsequently delivered to the defendant, another of her children, upon his agreement with them to keep the money for the benefit of his mother.   He immediately expended, for her previous expenses at Bloomingdale Asylum and other necessary charges, $146.91.   This action was subsequently brought to recover the balance in his hands, upon the ground that it was the property of the plaintiffs, and the evidence to sustain their claim of title was substantially as follows:   That some 10 years before the trial all the children of Mrs. Peters, with the exception of the defendant, agreed to deposit their earnings with her, and that she was to pay out of the fund a marriage portion to each child upon marriage, and to pay the funeral expenses of any child who died; and, after giving her and her husband a decent burial, the money was to belong to the depositors.   This account of the agreement is given by John Peters, one of the plaintiffs, and is not contradicted or denied by the others, and stands unquestioned as the terms of the trust under which his mother received the fund.   It appears, therefore, from the plaintiffs' own case, that the children of Mrs. Peters who deposited the money with her are not entitled to it, and have no right to any part thereof except the balance left after paying, at least, the funeral expenses of their father and mother, and to which balance they will have no claim until after the death of their parents. It also appears that Mrs. Peters, the mother, has an interest in the fund, which this action seems to wholly overlook, for, if the judgment were permitted to stand, the provision for the payment of her funeral expenses would be completely avoided.   It is said, however, that the defendant, Stephen Peters, has no right to set up such a defense to this action, but this position is untenable.   He received the fund from the bailees of his mother, and can defend in her right.   As she was insane when committed to Blackwell's island, she could not make a valid agreement of bailment, but the commissioners of charities and corrections, as public officers, coming into possession of the fund as custodians of her person and of the property found upon it, have all the obligations of bailees, and the defendant, Stephen, stands in a position somewhat resembling that of a receiptor, and is entitled to the same defenses against claimants of the fund as are available to the public officers from whom he received it.   Edw. Bailm. tit. "Receiptors."   His title to the money is derived by or through or from his mother, an insane person, and the evidence of the plaintiffs as to personal transactions with her should not have been received against him.   Code, § 829. For this error alone the judgment would have to be reversed.   It

is urged by the plaintiffs that there was no proof that the mother was insane at the time of the trial. The complaint expressly alleged that she was committed to the City Asylum for the Insane on Blackwell's island, being of unsound mind, and so far deprived of her reason and understanding as to be altogether unfit and unable to govern herself or to manage her affairs, and that at that time the money in question was found in her possession. A derangement of mind proved or admitted to exist at any particular period is presumed to continue until disproved, unless the derangement was accidental, being caused by the violence of a disease. 1 Greenl. Ev. § 42. But there was no question of her insanity at the time of the trial. It seemed to be conceded on all sides, and the only apparent reason why the evidence of transactions with her was admitted against the defendant was that he did not have any right or title to the money, and therefore could not derive his interest or title from or through her. It would seem that the proper course for plaintiffs to pursue would be to have a new trustee of the fund appointed in place of the mother, who has become incapacitated from acting; but, without discussing this question further, it is enough to say that upon the proofs, and for the errors appearing in the record, this judgment cannot possibly be sustained. Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.